CEM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED 2008 FEB -7 AM 9:54 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Jose Carlos MORLET (D1)** and **Jose G. CAMARENA-Gallegos (D2)** Defendants. | ) | Magistrate Case No. 08MJ0337 **AMENDED COMPLAINT FOR VIOLATION OF:** Title 21, U.S.C., Sections 952 and 960- Importation of a Controlled Substance; Title 8, U.S.C., Sec 1324(a)(2)(B)(iii)- Bringing in Alien(s) Without Presentation (Felony) |

The undersigned complainant, being duly sworn, states:

**Count 1**

On or about **February 5, 2008**, within the Southern District of California, **Jose Carlos MORLET (D1) and Jose G. CAMARENA-Gallegos (D2)**, did knowingly and intentionally import approximately 0.90 kilograms of heroin, a schedule II narcotic into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952 and 960.

**Count 2**

On or about **February 5, 2008**, within the Southern District of California, defendant **Jose Carlos MORLET (D1)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Jose G. CAMARENA-Gallegos (D2)**, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at the San Ysidro, California Port of Entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 7th day of **February 2008**.

UNITED STATES MAGISTRATE JUDGE

CEM

**AMENDED PROBABLE CAUSE STATEMENT**

The complainant states that **Jose G. CAMARENA-Gallegos** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and he is a material witness in relation to Count 2 of the complaint and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144. In addition, said alien is being held as a Defendant (D2), pursuant to Title 21, United States Code, Sections 952 and 960 in relation to Count 1 of the complaint.

On February 5, 2008 at approximately 12:58 PM, **Jose Carlos MORLET (D1)** made application for admission into the United States driving a brown 1998 Ford Windstar through vehicle primary lane nine at the San Ysidro Port of Entry. D1 presented himself for inspection before a Customs and Border Protection (CBP) Officer. D1 gave two negative customs declarations and stated that he had just purchased the vehicle. The CBP Officer noticed the vehicle had no previous crossings and decided to refer the vehicle and D1 to secondary for further inspection.

In secondary, a CBP Officer noticed the vehicle D1 was driving had counterfeit plates and immediately escorted him to a secured area. A CBP Canine Enforcement Officer screened the vehicle with his Narcotic and Human Detector Dog (NHDD). The NHDD alerted to the passenger side of the vehicle. A CBP Officer discovered a male individual concealed in a non-factory undercarriage compartment located under the driver and passenger seats of the vehicle. The CBP Officer had to unlatch the rear bench seat and lift both front seats in order to free the male individual from the compartment. Further investigation revealed the male to be a citizen and native of Mexico who has no entitlements to enter, pass through, or remain in the United States. He is now identified as **Jose G. CAMARENA-Gallegos (D2)**. D2 was escorted to a secure area where a CBP Officer conducted a patdown search on him and discovered a total of four packages wrapped in black tape concealed within the soles of both his shoes. A CBP Officer removed and probed one random package that revealed a brown powdery material. A sample was taken and field-tested positive for heroin. All four packages were removed from both shoes and an aggregate weight of 0.90 kilograms was obtained.

During a videotaped proceeding, D1 was advised of his Miranda rights. D1 acknowledged his rights and elected to submit to questioning without the benefit of counsel. During the interview D1 made the following declaration: D1 admitted knowledge to a concealed undocumented alien in an unknown location of the vehicle he was driving. D1 admitted he was going to be paid $500.00 (USD) to smuggle the alien into the United States. D1 stated he was instructed to drive the vehicle to 30th Street and Market Street in San Diego. D1 denied knowledge of any narcotic contraband contained in the vehicle.

During a videotaped proceeding, D2 was advised of his Miranda rights. D2 acknowledged his rights and elected to submit to questioning without the benefit of counsel. During the interview, D2 made the following declaration: D2 stated he is a citizen of Mexico with no documents to lawfully enter or reside in the United States. D2 stated he made the arrangements with an unknown man in Tijuana for him to be smuggled into the United States for 20,000 pesos. D2 stated he intended to travel to San Diego to seek employment.

D2 stated on the day of his arrest he met with an unknown Hispanic male on the streets of Tijuana. D2 Stated the Hispanic male offered him 50,000 Mexican pesos to deliver what he thought to be either cocaine or heroin, into the United States concealed in the insoles of a pair of shoes. D2 stated he agreed to the smuggling venture, and received 10,000 Mexican pesos in advance. D2 stated the unknown Hispanic male was going to follow the vehicle he was concealed in to the United States. According to D2, the unknown Hispanic male was going to meet him at an unknown location in the United States for delivery of the shoes.